IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONITA MILLER, next friend
of Rashaad Miller, a minor                                                              PLAINTIFF


v.                                          Case No. 4:16-cv-4077


CHRISTUS ST. MICHAEL HEALTH
SYSTEMS[1] and SMITHS MEDICAL,
a subsidiary of Smiths Medical ASD, Inc.                                                DEFENDANTS


## ORDER

Before the Court is Defendant CHRISTUS St. Michael Health Systems' ("CHRISTUS") Motion to Dismiss Due to Lack of Personal Jurisdiction and Improper Venue, or to Transfer Venue. (ECF No. 14). Plaintiff Ronita Miller has not responded to the motion, and the time to do so has passed.[2] The Court finds the matter ripe for consideration.

## I. BACKGROUND

On June 8, 2013, Plaintiff took her son, Rashad Miller, from their home in Texarkana, Arkansas, to CHRISTUS St. Michael Hospital in Texarkana, Texas. Rashad Miller suffered from bronchial-related issues, which required the insertion of an intravenous ("IV") catheter into his arm. Plaintiff alleges that when a CHRISTUS employee subsequently attempted to remove

---

[1] CHRISTUS St. Michael Health Systems asserts that it was improperly named in Plaintiff's complaint, and that its correct name is "CHRISTUS Health Ark-La-Tex."

[2] On June 7, 2016, Plaintiff filed this case in the circuit court of Miller County, Arkansas. On August 3, 2016, CHRISTUS filed a motion to dismiss for lack of personal jurisdiction. On August 5, 2016, Defendant Smiths Medical ("Smiths") removed the case to this Court. Upon removal, CHRISTUS's state-court motion to dismiss carried over to the Court's docket, and Plaintiff responded to the motion on August 26, 2016. (ECF No. 9). On October 10, 2016, CHRISTUS filed the instant motion to dismiss, in which it asserts a similar argument regarding personal jurisdiction—citing federal authority rather than state authority—as well as an argument on venue. Plaintiff did not respond to the instant motion, and in a March 6, 2017 order dismissing as moot CHRISTUS'S first motion to dismiss, the Court stated that, where possible, it would consider Plaintiff's arguments from her response to the first motion to dismiss, as a significant amount of that response cited to federal authority.

the IV from Rashad Miller's arm, the catheter tip separated, leaving a portion of the IV in his arm. Plaintiff alleges that, after a delay, Rashad Miller underwent an x-ray to determine that the catheter tip had moved through the bloodstream toward his heart.

Rashad Miller was airlifted by helicopter to Arkansas Children's Hospital ("ACH") in Little Rock, Arkansas. After several rounds of testing, ACH determined that the catheter tip traveled through Rashad Miller's heart and ultimately became imbedded in his lower right lung, where it remained at the time this case was filed.

On June 7, 2016, Plaintiff filed this lawsuit in the circuit court of Miller County, Arkansas. In her complaint, Plaintiff set out a negligence claim against CHRISTUS, asserting that it breached its duty to provide medical treatment by failing to provide appropriate nursing care and by failing to take necessary steps to prevent the catheter tip from traveling through Rashad Miller's bloodstream. Plaintiff also set out a products-liability claim against Smiths, the manufacturer of the IV used by CHRISTUS on Rashad Miller, asserting that, either in its manufacture or design, the IV catheter did not meet the standards required of specialty hospital treatment devices.

On August 5, 2016, Smiths removed the case to this Court. On October 10, 2016, CHRISTUS filed the instant motion, arguing that Plaintiff's claims should be dismissed for lack of personal jurisdiction or improper venue, or in the alternative, that the Court should transfer this case to the United States District Court for the Eastern District of Texas.

## II. DISCUSSION

CHRISTUS seeks dismissal of Plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Court lacks personal jurisdiction over CHRISTUS. CHRISTUS also argues that the Court should dismiss Plaintiff's case pursuant to Rule 12(b)(3) because

2

venue is improper in this district. CHRISTUS argues in the alternative that the Court should transfer this case to the United States District Court for the Eastern District of Texas. The Court will take up CHRISTUS's arguments in reverse order, and will first examine CHRISTUS's venue arguments. If necessary, the Court will then address CHRISTUS's personal jurisdiction argument.

**A. Venue**

CHRISTUS seeks dismissal of the case on the basis that venue is improper in the Western District of Arkansas, or in the alternative, that the case should be transferred to the Eastern District of Texas. CHRISTUS argues that it is a resident of the State of Texas, and that all of the facts giving rise to this lawsuit occurred in Texas, thus making venue proper in the Eastern District of Texas.

As an initial matter, the Court must first determine whether Plaintiffs could have brought this action in the Eastern District of Texas. 28 U.S.C. § 1404(a). Under the general venue statute, a civil action founded only on diversity of citizenship, like this case, may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Under the statute, a corporation is deemed to reside in any district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c)(2). The medical care that gave rise to this lawsuit occurred at CHRISTUS St. Michael Hospital in Texarkana, Texas, which is within the Eastern District of Texas. Moreover, CHRISTUS is headquartered in Texas and is, thus, subject to personal

3

jurisdiction there. Accordingly, Plaintiff could have filed this case in the Eastern District of Texas.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In analyzing a motion to transfer under section 1404(a), the Court employs a three-factor balancing test, considering "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l., Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). However, the Court is not limited to only these three factors in determining whether a transfer is proper; instead, the Court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988). It must consider the convenience of the parties, the convenience of the witnesses, the interests of justice, and all other relevant factors regarding the transfer. *Terra Int'l.*, 119 F.3d at 696. Ultimately, the Court enjoys "much discretion" when deciding whether to grant such a motion. *Id.* at 697.

### 1. Convenience Factors

First, the Court must consider the conveniences of the parties and witnesses. When balancing the conveniences, the Court may consider things such as: (1) the convenience of the parties; (2) the convenience of the witnesses—including the willingness of the witnesses to appear; (3) the accessibility of records and documents; (4) the location where the conduct complained of occurred; and (5) the applicability of each forum state's substantive law. *Id.* at 696. CHRISTUS argues that the balance of conveniences favors transfer of this case because it is located in Texas, along with a majority of its employees; the conduct at issue in the case took place at CHRISTUS St. Michael Hospital in Texarkana, Texas; the majority of the witnesses that

will be called in the case, other than Plaintiff and the parties' respective expert witnesses, are presumably Texas residents; and the sources of proof in the case are located in Texas.

In evaluating the convenience of the parties, the Court finds that this factor does not weigh in favor of either party. It is clearly more convenient for Plaintiff to proceed with this case in the Western District of Arkansas, where she resides. Likewise, it is clearly more convenient for CHRISTUS to proceed with this case in the Eastern District of Texas, because it is headquartered in Texas. However, merely shifting the inconvenience from one party to the other is not a permissible justification for a change of venue. *Id.* at 696-97; *Crabb v. GoDaddy.com, Inc.*, No. 4:07-cv-4040 HFB, 2010 WL 5890625, at *2 (W.D. Ark. Mar. 29, 2010). Therefore, the Court finds that this factor is neutral.

In evaluating the convenience of the witnesses, the Court finds that the conduct at issue in this case—the allegedly negligent medical care provided by CHRISTUS to Rashad Miller—took place in Texas. Thus, it will be more convenient for the majority of the witnesses involved in the case, presumably the CHRISTUS employees who attended to Rashad Miller, to have the case transferred to Texas. Thus, the Court finds that this factor weighs slightly in favor of transfer.

As to the accessibility of evidence, CHRISTUS argues that the documents and records relevant to the case are located at CHRISTUS St. Michael Hospital in Texarkana, Texas. "[A]lthough electronic storage and transmission of evidence makes access less inconvenient . . . it does not make this factor 'superfluous.'" *Crabb*, No. 4:07-cv-4040 HFB, 2010 WL 5890625, at *3 (citing *In re Volkswagen of Am., Inc.*, 546 F.3d 304, 316 (5th Cir. 2008)). Thus, the Court finds that this factor weighs slightly in favor of transfer.

In evaluating the location of the complained-of conduct, the Court finds that the conduct at issue took place in Texarkana, Texas. CHRISTUS St. Michael Hospital is located in

Texarkana, Texas, and the allegedly negligent medical care was provided there. Thus, the Court finds that this factor weighs in favor of transfer.

Finally, as to the applicability of each state's substantive law, CHRISTUS argues that Arkansas's choice-of-law rule provides that Texas tort law governs in this case.[3] Thus, CHRISTUS argues that the Eastern District of Texas is more familiar with Texas law than the Western District of Arkansas, and it would simplify the judicial task for a Texas federal court to apply Texas state law. Although this is possibly true, federal courts "routinely apply and interpret laws of other states." *Id.* Thus, the Court finds that this factor is neutral.

Accordingly, the Court finds that the balance of the convenience factors favors transfer to the Eastern District of Texas.

### 2. Interests of Justice

Next, the Court must consider the interests of justice. In doing so, the Court may consider: (1) the judicial economy; (2) the plaintiff's choice of forum; (3) the comparative costs to the parties of litigating in each forum; (4) each party's ability to enforce a judgment; (5) obstacles to a fair trial; (6) conflicts of law; and (7) the advantage of having a local court determine questions of local law. *Terra Int'l.*, 119 F.3d at 696.

The judicial economy favors transfer. As a practical matter, "the administration of justice is served more efficiently when the action is litigated in the forum that more clearly encompasses the locus of operative facts." *Beijing Zhongyi Zhongbiao Elec. Info. Tech. v. Microsoft Corp.*, No. 4:12-cv-4077 SOH, 2013 WL 3808009, at *5 (W.D. Ark. July 22, 2013). The operative

---

[3] A federal court sitting in diversity must apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Arkansas's choice-of-law doctrine first follows the *lex loci delicti* principal, in which torts are governed by the law of the jurisdiction where the injury occurred. *Ganey v. Kawasaki Motors Corp., U.S.A.*, 366 Ark. 238, 251, 234 S.W.3d 838, 846 (2006). Arkansas later softened this approach, also considering five "choice-influencing considerations," including: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. *Id.* CHRISTUS argues that Texas law governs this case under either approach.

facts of this case, particularly those surrounding the medical care CHRISTUS provided to Rashad Miller, occurred in Texas. Therefore, it is reasonable to conclude that this dispute will be litigated more efficiently there.

As to Plaintiff's choice of forum, generally, federal courts give considerable deference to a plaintiff's choice of forum. *Terra Int'l.*, 119 F.3d at 695. However, this choice is given less deference when the transaction or underlying facts did not occur in the plaintiff's chosen forum. *See Crabb*, No. 4:07-cv-4040 HFB, 2010 WL 5890625, at *3 (citing *Nelson v. Soo Line R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999)). In this case, Plaintiff chose the Western District of Arkansas as her forum, but as discussed above, the conduct at issue took place at CHRISTUS St. Michael Hospital in Texarkana, Texas, within the Eastern District of Texas. This requires the Court to provide less deference to Plaintiff's choice of forum.

The interest-of-justice factors related to the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, and the obstacles to a fair trial, provide little guidance under the circumstances of this case.

The remaining factors—regarding any conflicts-of-law issues and the advantages of having a local court determine questions of law—suggest that Texas is the most appropriate forum. The State of Texas certainly has more of an interest in regulating and/or remedying alleged negligent medical care provided by a Texas hospital located in Texas.

Accordingly, the Court finds that the balance of the interest-of-justice factors under section 1404(a) favors transfer to the Eastern District of Texas.

### 3. Conclusion

The Court has considered all arguments presented regarding the transfer of this case and finds that a transfer is warranted. Accordingly, the Court finds that this case should be transferred to the Eastern District of Texas for all further proceedings.

### B. Personal Jurisdiction

CHRISTUS also argues that the Court should dismiss Plaintiff's case pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over CHRISTUS. In light of the Court's above findings that Plaintiff's case is appropriately transferred, the Court finds it unnecessary to address CHRISTUS's Rule 12(b)(2) argument.

## III.  CONCLUSION

For the reasons discussed above, the Court finds that this action should be transferred to the Eastern District of Texas. Accordingly, CHRISTUS's Motion to Dismiss Due to Lack of Personal Jurisdiction and Improper Venue, or to Transfer Venue (ECF No. 14) is hereby **GRANTED IN PART**. The Clerk of Court is directed to transfer this action to the Eastern District of Texas for all further proceedings. In light of this transfer, the remainder of CHRISTUS's Motion to Dismiss Due to Lack of Jurisdiction and Improper Venue is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 23rd day of May, 2017.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge